UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LARRY D. HARRIS,

    Plaintiff,

CASE NO: 2:11-cv-10318

v.

HON. GEORGE CARAM STEEH

COUNTY OF SHIAWASSEE, a Municipal Corporation,
OFFICER WILLIAM KNICKERBOCKER,
OFFICER TERRY KRAMER, OFFICER BRIAN SHIPMAN,
in their individual capacities.

    Defendants.

---

## **STIPULATED PROTECTIVE ORDER**

This matter having come before the Court and the Court being informed that the parties have stipulated to the following conditions governing certain materials which may be exchanged between them during the course of this action and the Court otherwise being fully informed about this matter.

IT IS HEREBY ORDERED

1.    <u>Scope of this Order.</u>  This Order shall govern the production, use and maintenance of all information produced in discovery in this matter which a party to this action (either the "designating party" or the "producing party") in good faith believes constitutes the proprietary or confidential information of itself or a third party (collectively, "confidential information"). All confidential information shall be marked or stamped "confidential." In lieu of stamping documents "confidential," counsel may identify as "confidential" documents or groups of documents in writing which clearly and plainly identifies the documents and/or information being designated as confidential information. Deposition testimony may be designated as confidential information either

specifically in the record at the deposition or by letter between counsel as provided within 14 days of receipt of the transcript of the designating party. The entire transcript shall be treated as confidential information during the 14-day period following its receipt.

    2.    <u>Use of Confidential Information.</u>  Confidential information produced in this action shall be used by the parties solely for the preparation and presentation of their respective cases for trial and accordingly shall not be disclosed to third parties.

    3.    <u>Right to Challenge Confidential Designation.</u> Either party may challenge the confidential nature of any information designated as confidential information by another party by filing a motion to that effect with the Court. Prior to the hearing date the parties shall endeavor to work in good faith toward resolving the issues in dispute in any such motion.

    4.    <u>Exclusions from Scope of Order.</u>  The Order shall not apply to any confidential information which:

        a.    Is available to the public at the time of disclosure to the receiving party;

        b.    Becomes available to the public after disclosure to the receiving party through no fault of the receiving party; or which

        c.    The receiving party can show as a matter of written record was independently developed by the receiving party or was received by the receiving party from a third party having the right to make such disclosure.

    5.    <u>Treatment of Confidential Information.</u>  All confidential information shall be used only for the purposes of this litigation and shall not be a disclosed to anyone other than parties to this action, their counsel, and persons whom a party to this action in good faith believes may call as witnesses at trial and court officials including mediators, except as provided below.

    6.    <u>Distribution of Confidential Information.</u> Notwithstanding the preceding provision, confidential information may be distributed to outside experts whose services ounsel intends to

utilize in preparation for the case for trial, PROVIDED HOWEVER, that before receiving the confidential information, any such expert first agrees to use and maintain the confidential information consistent with the provisions of this Order.

      7.    <u>Prior Recipients of Confidential Information.</u>  Notwithstanding the provisions above, the confidential information may be disclosed to any person identified on the confidential information as its author, an addressee or a person who received a copy of the same.

      8.    <u>Disclosure by Designating Party.</u>  Nothing in this Order shall prevent a designating party from disclosing confidential information it has designated unless such information has also been designated as confidential by another party to this action in which case all parties shall treat the confidential information consistent with the terms of this Order without regard to this paragraph.

      9.    <u>Dispute Resolution.</u>  To the extent that counsel in good faith believes disclosure of confidential information other than as allowed by this Order is required to prepare its case for trial, such counsel shall give written notice to his opponent after which both counsel agree to work in good faith to resolve the issue informally. Should informal resolution not be agreed upon in writing within 5 days of such notification, counsel desiring such disclosure may move this Court for an Order specifically dealing with the disclosure at hand, in which case no such disclosure shall be made until the motion is decided and only then in conformance with the Court's ruling.

      10.   <u>Procedure on Termination of Lawsuit.</u>  Upon final termination of this action by judgment (unless appealed from), or settlement, or upon final disposition of an appeal, at the option of the producing party, all confidential information shall either: (a) be destroyed by the party who then possess it; or (b) be returned to the producing party. In either case, all copies, notes and extracts from the confidential information shall be destroyed.

11. <u>Modification of Order.</u> The provisions of this Order or their application to any discovery information, including specifically any confidential information, may be modified by stipulation of the parties or by future Order of the Court.

IT IS SO ORDERED.

<u>S/George Caram Steeh</u>
Honorable George Caram Steeh
U.S. District Judge

Dated: August 2, 2011

APPROVED FOR ENTRY:

Dated: August 1, 2011                <u>/s/ Kenneth D. Finegood</u>
                                     Kenneth D. Finegood (P36170)
                                     Attorney for Plaintiff

Dated: August 2, 2011                <u>/s/ Allan C. Vander Laan</u>
                                     Allan C. Vander Laan (P33893)
                                     Attorney for Defendants